S. Brandon Owen (9971)
Lydia A. Rytting (18532)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
bowen@rqn.com
lrytting@rqn.com

*Attorneys for Plaintiff Central Utah Clinic, P.C. dba Revere Health*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CENTRAL UTAH CLINIC, P.C. dba REVERE HEALTH, a Utah professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>RHC GROUP MANAGEMENT, LLC dba Rural HealthCare Group, a Delaware limited liability company; RHC GROUP, PLLC, a Tennessee professional limited liability company, and RHC GROUP, INC., a Delaware corporation,<br><br>Defendants. | **AMENDED COMPLAINT WITH JURY DEMAND**<br><br>Case No. 2:25-cv-00022-HCN-DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Central Utah Clinic, P.C. dba Revere Health ("Revere Health" or "Plaintiff") alleges as follows against Defendants RHC Group Management, LLC, RHC Group, PLLC, and RHC Group, Inc. (collectively "Revere Medical" or "Defendants").

## THE PARTIES

1. Central Utah Clinic, P.C. dba Revere Health is a Utah Professional Company with its principal place of business at 1055 North 500 West, Building B, Provo, Utah 84604.

2. On information and belief, RHC Group Management, LLC, dba Rural HealthCare, is a Delaware limited liability company with its principal place of business at 40 Burton Hills Blvd., Suite 370, Nashville, Tennessee 37215.

3. On information and belief, RHC Group, PLLC is a Tennessee professional limited liability company with its principal place of business at 40 Burton Hills, Suite 370, Nashville, Tennessee 37215.

4. On information and belief, RHC Group, Inc. is a Delaware corporation with its principal place of business at 40 Burton Hills, Suite 370, Nashville, Tennessee 37215.

5. On information and belief, RHC Group Management, LLC; RHC Group, PLLC; and RHC Group, Inc. collectively do business as Revere Medical.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and under 15 U.S.C. §§ 1119 and 1121.

7. This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367 because these claims are so related to the claim in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. On information and belief, this Court has personal jurisdiction over Defendants because they have purposefully directed infringing activity at Utah, and Plaintiff has been injured by Defendants' activities.

9. On information and belief, Defendants have locations, offices, clinics, and employees in and do business in the United States.

10. On information and belief, Defendants have purposefully directed infringing activity at Utah, and Plaintiff has been injured by Defendants' Utah-related activities.

11. On information and belief, Defendants operate a website at www.reveremedical.com ("Defendants' Website") which displays the Revere Medical Marks in connection with healthcare services.

12. Persons located in Utah can visit and view Defendants' Website.

13. On information and belief, persons located in Utah have visited Defendants' Website.

14. Defendants' Website provides contact information for Defendants. *See* https://www.reveremedical.com/contact and https://www.reveremedical.com/terms ("[P]lease contact us at Revere Medical 40 Burton Hills Blvd #370 Nashville, TN 37215 United States Email: info@reveremedical.com").

15. On information and belief, residents of Utah have contacted Defendant through Defendant's Website.

16. Defendants' Website includes a link to a search tool that allows visitors to search for healthcare providers. These pages display the Revere Medical Marks. *See* www.reverecarefinder.com/s/.

17. The search tool shows 171 Revere Medical providers located in Utah. *Available at* www.reverecarefinder.com/s/provider-search-results?searchTerm=null&location=utah&filter=undefined (last visited January 8, 2025).

18. On information and belief, Defendants have providers located in Utah.

19. On information and belief, Defendants have directed consumers to Utah providers.

20. On information and belief, Defendants have directed Utah consumers to providers.

21. On information and belief, Defendants intend to market healthcare services to a national market, including persons located in Utah.

22. On information and belief, Defendants have actual and constructive notice of Plaintiff's registrations for its Revere Health Marks, which shows that Plaintiff is the owner of the mark and resides in Utah.

23. This Court also has personal jurisdiction over Defendants because, on information and belief, Defendants have continuous and systematic contacts with this forum and/or specific contacts with Utah sufficiently related to this cause of action to warrant the exercise of personal jurisdiction by this Court. Moreover, Defendants have knowingly and purposefully directed infringing and unlawful activities at customers, which includes members and others, and potential customers in Utah, the harm of which has been felt by Plaintiff in Utah.

24. On information and belief, venue is proper in this District under 28 U.S.C. § 1391(b).

**THE REVERE HEALTH MARKS**

25. Revere Health is in the business of providing high quality and patient-focused healthcare services.

26. Revere Health was founded in the 1960s by three internal medicine specialists. It was originally named "Central Utah Medical Clinic."

27. In 2015, Plaintiff rebranded to "Revere Health" to reflect its expansion and its plans for exponential growth.

28. Since at least 2015, Revere Health has made continuous commercial use of the marks REVERE HEALTH and (collectively the "Revere Health Marks") in connection with its healthcare services.

29. Revere Health uses the Revere Health Marks on its website, www.reverehealth.com, on clinic signage, in internet marketing and advertising, on social media, and in direct email marketing.

30. For over 50 years, Revere Health has provided value-based, patient-centered medical care. Since 2015, that quality care has been provided under the Revere Health brand and in connection with the Revere Health Marks.

31. Revere Health has led the nation in practicing "value-based care." This system aims to reverse the unsustainable trend of rising healthcare costs by incentivizing providers based on value, not volume, of services.

32. Today, Revere Health has more than 400 providers and Advanced Practice Clinicians, covering over 30 specialties, and operates out of more than 100 locations.

33. Revere Health owns federal registrations for two marks (collectively, "the Revere Health Marks").

34. The mark "REVERE HEALTH" is registered as Registration No. 5,082,815 for use in connection with "Business services provided to the healthcare industry, namely, the collection and analysis of quality metric data for medical groups and systems for business purposes; medical management services, namely, health care utilization and review services for healthcare purchasers, payors, and providers." This registration was granted on November 15, 2016.

35. The mark is registered as Registration No. 5,433,751 in connection with "Business services provided to the healthcare industry, namely, the collection and analysis of quality metric data for medical groups and systems for business purposes; medical management services, namely, health care utilization and review services for healthcare purchasers, payors, and providers;" and "Physician services, namely, a network of physicians, healthcare professionals, specialists and staff, providing medical services at various campuses and facilities, including clinics, hospitals, surgery centers and outreach facilities." This registration was granted on March 27, 2018.

36. The Revere Health Marks were first used in commerce in July 2015.

37. The Revere Health Marks are incontestable under 15 U.S.C. § 1065.

38. Revere Health has continuously used its Revere Health Marks extensively in Utah, Nevada, and beyond to identify its healthcare and related services.

39. The United States Patent and Trademark Office issued the registrations for the Revere Health Marks without requiring evidence of secondary meaning.

40. The Revere Health Marks are inherently distinctive.

41. Furthermore, through Revere Health's continuous and extensive use of the Revere Health Marks, the Revere Health Marks have acquired distinctiveness before Defendants' infringing acts began.

42. Revere Health has invested a significant amount of time and money in extensively advertising and promoting its products and services under the Revere Health Marks.

43. The services Revere Health markets and sells under and in connection with the Revere Health Marks are of a high quality and enjoy an exceptional reputation in the marketplace.

44. For example, in 2012, Revere Health was the first Accountable Care Organization ("ACO") accredited by Medicare in Utah. In 2018, Revere Health became one of only 50 healthcare organizations in the United States accepted into the Next Generation ACO program, reflecting an elite status as a value-based care leader.

45. As a result of Revere Health's efforts, Revere Health has developed valuable goodwill in the Revere Health Marks.

46. Customers recognize and know the Revere Health Marks as a strong identifier of the source of Revere Health's services.

47. The Revere Health Marks have come to distinguish Revere Health's services from those of other companies.

**DEFENDANTS' INFRINGEMENT**

48. On information and belief, Defendants market and sell healthcare services.

49. Defendants' Website states: "At Revere Medical, we're building a nationwide network of compassionate healthcare providers committed to delivering high-quality primary care. Whether you're a physician, nurse, or healthcare specialist, you'll be part of a team dedicated to improving lives and empowering underserved communities." *See* https://www.reveremedical.com/careers.

50. On information and belief, Defendants maintain a blog at www.reveremedical.com/articles.

51. On October 31, 2024, a blog post entitled "A New Name" stated that: "Rural Healthcare Group ("RHG") has closed its acquisition of Steward Medical Group and Steward Health Care Network (hereinafter "Stewardship"). Stewardship is one of the largest and highest-quality provider organizations in the country. RHG is a primary care provider organization delivering high-quality care to underserved communities across multiple states. As part of the acquisition, RHG will rebrand the consolidated company to Revere Medical, reflecting the combined company's commitment to serving its providers, colleagues and most importantly patients, on its path to building the country's most revered provider organization." *Available at* https://www.reveremedical.com/blog/a-new-name.

52. On information and belief, Defendants maintains a LinkedIn page, available at https://www.linkedin.com/company/revere-medical/.

53. On or around November 4, 2024, Defendants made an announcement "Introducing Revere Medical!" *Id.*

54. On information and belief, Defendant maintains a webpage at https://www.reverehealthchoice.com/massachusetts, that outlines its "MassHealth plan" that is called "Revere Health Choice."[1]

55. RHC Group, Inc. owns U.S. Trademark Application Serial No. 98843476 for the "REVERE MEDICAL" mark for use in connection with "Health clinic services." As of November 8, 2024, this application was awaiting assignment to an examining attorney.

56. "Rural HealthCare Group" owns U.S. Trademark Application Serial No. 98769737 for the "Revere Medical" mark for use in connection with "Hygienic and beauty care; Hygienic and beauty care for animals; Hygienic and beauty care services; Hygienic care for animals; Hygienic care for human beings; Medical services; Veterinary services; Medical, hygienic and beauty care."

57. "Rural HealthCare Group" owns U.S. Trademark Application Serial No. 98741792 for the "Revere Healthcare Network" mark for use in connection with "Hygienic and beauty care; Hygienic and beauty care for animals; Hygienic and beauty care for human beings; Hygienic and beauty care services; Hygienic care for animals; Hygienic care for human beings; Medical testing for diagnostic or treatment purposes; Medical treatment using cultured cells; Medical ultrasound imaging services; Medical, hygienic and beauty care; Medical, physical rehabilitation and physical therapy services; Medication counseling; Veterinary dentistry; Veterinary services; Veterinary surgery; Primary care medical services; Providing medical information via a website; Providing medical information, consultancy and advisory services;

---

[1] MassHealth is state health benefit program in Massachusetts. *See* https://www.mass.gov/orgs/masshealth.

Providing veterinary information; X-ray examinations for medical purposes." As of September 25, 2024, this application was awaiting assignment to an examining attorney.

58. "Rural HealthCare Group" owns U.S. Trademark Application Serial No. 98769816 for the "Revere Healthcare" mark for use in connection with "Hygienic and beauty care; Hygienic and beauty care for animals; Hygienic and beauty care services; Hygienic care for animals; Hygienic care for human beings; Medical services; Veterinary services; Medical, hygienic and beauty care." As of September 25, 2024, this application was awaiting assignment to an examining attorney.

59. On information and belief, Defendant RHC Group Management, LLC does business as Rural Healthcare Group. *See* Dkt. 23.

60. On the Trademark Application for Serial No. 98769737, "Rural HealthCare Group" lists its address as 40 Burton Hills, Suite 370, Nashville, Tennessee as its address, and identifies itself as a Tennessee limited liability company.[2]

61. Defendants' Website identifies "40 Burton Hills Blvd #370, Nashville, TN 37215" as the address "Revere Medical" is registered. *Available at* https://www.reveremedical.com/terms.

62. Collectively, these five marks are referred to as the "Revere Medical Marks."

63. On information and belief, Revere Medical uses the Revere Medical Marks in commerce.

---

[2] *Available at* https://tsdr.uspto.gov/#caseNumber=98769737&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch.

64. On information and belief, Defendants have used the Revere Medical Marks in connection with the marketing and sale of Defendants' services.

65. The Revere Medical Marks are similar in sight, sound, and meaning to the Revere Health Marks.

66. Defendants did not begin using the Revere Medical Marks until long after Revere Health began use of the Revere Health Marks.

67. Defendants did not begin using the Revere Medical Marks until long after the registration for the Revere Health Marks had issued.

68. On information and belief, Defendants and their services compete directly with Revere Health and its services.

69. On information and belief, both Plaintiff and Defendants compete in the healthcare services industry.

70. On information and belief, Defendants use the Revere Medical Marks on their website reveremedical.com.

71. On information and belief, Defendants use the Revere Medical Marks in the same marketing channels used by Revere Health, including, without limitation, a website, Google, and social media.

72. On information and belief, Defendants use the Revere Medical Marks in connection with selling Defendants' services through at least some of the same trade channels through which Revere Health sells its services.

73. On information and belief, Defendants' marketing is directed to the same customers and healthcare providers as Revere Health's marketing, including but not limited to persons needing healthcare services.

74. Defendants' use of the Revere Medical Marks and similar marks is likely to confuse members of the consuming public into believing that Defendants and/or their services are affiliated with, or sponsored or approved by, Revere Health, or that Revere Health and/or its services are sponsored or approved by Defendants, or to otherwise cause confusion, mistake, or deception.

75. Defendant's use of the Revere Medical Marks has caused actual confusion in the marketplace.

76. For example, over 700 Revere Medical patients have attempted to create a Revere Health account through Revere Health's patient portal, Follow My Health.

77. Numerous Revere Medical patients and providers have called or emailed Revere Health's customer service department regarding a variety of topics ranging from prescription refills to scheduling to insurance coverage.

78. Revere Health has received many medical records requests from Revere Medical's patients.

79. Revere Health's Service Desk (an internal call center that assists Revere Health's employees with technical issues) has received numerous calls from Revere Medical employees seeking help with their computers.

80. Revere Health's "RH Connect" service allows healthcare providers outside of Revere Health's network to refer patients to Revere Health for procedures. RH Connect has

received numerous referral requests from third-party doctors mistaking Revere Health for Revere Medical.

81. In addition, multiple people from different local and regional entities have reached out to Revere Health's executive team regarding Revere Medical, asking if Revere Medical is an expansion of Revere Health.

82. On information and belief, Defendants had actual and/or constructive knowledge of Revere Health, its use of the Revere Health Marks, and the registration for the Revere Health Marks before adopting and using the Revere Medical Marks.

83. On information and belief, Defendant used the Revere Medical Marks knowing that Plaintiff is based in Utah.

84. On information and belief, Defendants' use in commerce of the Revere Medical Marks is done with the intent to trade on Revere Health's goodwill in the Revere Health Marks.

85. On information and belief, Defendant or someone employed by or affiliated with Revere Medical has used Revere Health's services.

## FIRST CLAIM FOR RELIEF
## (Federal Trademark Infringement, 15 U.S.C. § 1114)

86. Revere Health incorporates by reference the other paragraphs of this Complaint as if fully set forth herein.

87. Revere Health owns federal registrations for the Revere Health Marks.

88. The registrations for the Revere Health Marks are incontestable.

89. Revere Medical has made unauthorized use of the Revere Medical Marks.

90. Revere Medical's use of the Revere Medical Marks, and potentially other marks similar to the Revere Health Marks, violates 15 U.S.C. § 1114(1)(a) at least because it is likely to

cause confusion, deception, and mistake, including forward and/or reverse confusion, by creating the false and misleading impression that Revere Medical and/or its products or services are associated, affiliated, or connected with Revere Health, or have the sponsorship, endorsement, or approval of Revere Health, or that Revere Health and/or its goods or services are sponsored or approved by Revere Medical.

91. On information and belief, Revere Medical has continued its infringing activity notwithstanding both actual and constructive notice of the registration for the Revere Health Marks.

92. On information and belief, Revere Medical's use in commerce of the Revere Medical Marks is done with the intent to trade on Revere Health's goodwill in the Revere Health Marks.

93. On information and belief, Revere Medical's infringement has caused Revere Health actual damages in an amount to be proven at trial. Such damages should be trebled as allowed by 15 U.S.C. § 1117(a).

94. Revere Health is further entitled to recover Revere Medical's profits, the amount of which is currently unknown by Revere Health, and which amount should be trebled as allowed by 15 U.S.C. § 1117(a).

95. This is an exceptional case under 15 U.S.C. § 1117(a), and Revere Health is therefore entitled to recover its attorney fees from Revere Medical.

96. Under 15 U.S.C. § 1117(a), Revere Health is entitled to recover its costs of suit.

97. Revere Medical's infringing conduct is causing irreparable harm to Revere Health. Revere Health has no adequate remedy at law and is therefore entitled to injunctive relief barring Revere Medical from engaging in further acts violating 15 U.S.C. § 1114.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition, 15 U.S.C. § 1125(a))**

98. Revere Health incorporates by reference the other paragraphs of this Complaint as if fully set forth herein.

99. Revere Health owns the right to use the Revere Health Marks.

100. The Revere Health Marks are inherently distinctive and/or acquired secondary meaning prior to Revere Medical's infringing activity as a result of Revere Health's extensive use of the Revere Health Marks in the United States of services offered under or in connection with the Revere Health Marks.

101. Revere Medical has made unauthorized use of the Revere Medical Marks.

102. Revere Medical's use of the Revere Medical Marks, and potentially other marks similar to the Revere Health Marks, violates 15 U.S.C. § 1125(a) at least because it is likely to cause confusion, deception, and mistake, including forward and/or reverse confusion, by creating the false and misleading impression that Revere Medical or its goods or services are associated or connected with Revere Health, or have the sponsorship, endorsement, or approval of Revere Health, or that Revere Health and/or its goods or services are sponsored or approved by Revere Medical.

103. On information and belief, Revere Medical has continued its infringing activity notwithstanding both actual and constructive knowledge of the Revere Health Marks and Revere Health's extensive use of the Revere Health Marks.

104. On information and belief, Revere Medical's use in commerce of the Revere Medical Marks is done with the intent to trade on Revere Health's goodwill in the Revere Health Marks.

105. On information and belief, Revere Medical's infringement has caused Revere Health actual damages in an amount to be proven at trial. Such damages should be trebled as allowed by 15 U.S.C. § 1117(a).

106. Revere Health is further entitled to recover Revere Medical's profits, the amount of which is currently unknown by Revere Health. Any such amount should be trebled as allowed under 15 U.S.C. § 1117(a).

107. This is an exceptional case under 15 U.S.C. § 1117(a), and Revere Health is therefore entitled to recover its attorney fees from Revere Medical.

108. Under 15 U.S.C. § 1117(a), Revere Health is also entitled to recover its costs of suit.

109. Revere Medical's use of the Revere Medical Marks is causing Revere Health irreparable harm. Revere Health has no adequate remedy at law and is therefore entitled to injunctive relief barring Revere Medical from engaging in further acts violating 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

110. Revere Health incorporates by reference the other paragraphs of this Complaint as if fully set forth herein.

111. Revere Health owns common law rights in the State of Utah, the State of Nevada, and beyond in the Revere Health Marks as used in connection with Revere Health's goods and services.

112. Revere Health's common law rights are superior to any rights of Revere Medical.

113. The Revere Health Marks are inherently distinctive and/or acquired distinctiveness prior to Defendants' infringing conduct.

114. On information and belief, Revere Medical has used the Revere Medical Marks in commerce in the State of Utah.

115. Revere Medical's use of the Revere Medical Marks falsely suggests a connection or association with, or authorization by, Revere Health, and is a use in commerce that is likely to cause confusion and mistake, including forward and/or reverse confusion, and to deceive consumers as to the source, origin, approval, sponsorship, and/or affiliation of the services offered by Revere Medical and those offered by Revere Health.

116. On information and belief, Revere Meical's actions have caused Revere Health damages in an amount to be proven at trial.

117. In light of the willfulness of Revere Medical's actions, Revere Health is entitled to an award of exemplary and punitive damages against Revere Medical.

118. Revere Health is being irreparably harmed by Revere Medical's infringement. Revere Health has no adequate remedy at law. Revere Health is therefore entitled to injunctive relief barring Revere Medical from engaging in further acts of common law trademark infringement and unfair competition.

**FOURTH CLAIM FOR RELIEF**
**(Cancellation of Registrations, 15 U.S.C. § 1119)**

119. Revere Health incorporates by reference the other paragraphs of this Complaint as if fully set forth herein.

120. Revere Medical has filed U.S. Trademark Application Serial Nos. 98-843,476, 98-769,737, 98-741,792, and 98-769,816.

121. Revere Medical should be ordered to abandon those applications because the mark shown in those applications, when used on or in connection with Defendants' goods or services, is likely to cause confusion with Revere Health's registered Revere Health Marks and Revere Health's common law rights in the Revere Health Marks.

**FIFTH CLAIM FOR RELIEF**
**(Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101)**

122. Revere Health incorporates by reference the other paragraphs of this Complaint as if fully set forth herein.

123. Defendants have made unauthorized use of the Revere Medical Marks.

124. Defendants' intentional business acts have damaged Revere Health's goodwill in the Revere Health Marks.

125. Defendants' intentional business acts have misled consumers into perceiving an affiliation between Revere Health and Revere Medical.

126. Defendants have engaged in intentional business acts or practices that are unlawful, unfair, or fraudulent and that have caused a material diminution in the value of the Revere Health Marks.

127. Defendants' intentional business acts or practices constitute infringement of the Revere Health Marks.

128. Defendants have engaged in unfair competition. *See* Utah Code Ann. § 13-5a-102(4).

129. Revere Health is entitled to actual damages and its costs and attorney fees. *See* Utah Code Ann. § 13-5a-103(1)(b)(i), (ii).

130. Defendants' actions are willful and malicious, intentionally fraudulent, or manifest a knowing and reckless indifference toward, and a disregard of, the rights of Revere Health.

131. Revere Health is entitled to punitive damages.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Revere Health demands a trial by jury of all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Revere Health requests:

1. A declaration that Defendants have infringed the Revere Health Marks in violation of 15 U.S.C. § 1114;

2. A declaration that Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125;

3. A declaration that Defendants have infringed Revere Health's common law rights in the Revere Health Marks;

4. A declaration that Defendants have engaged in unfair competition under Utah Code Ann. § 13-5a-102(4);

5. An order preliminarily and permanently enjoining and restraining Defendants and their officers, managers, members, agents, representatives, employees, attorneys, successors, assigns, and affiliates, and any persons in active concert or participation of any of them, from: (a) using the Revere Medical Marks in any style or variation, (b) using any mark confusingly similar to the Revere Health Marks, (c) infringing the Revere Medical Marks, (d) seeking to register or maintaining a registration or application for the Revere Medical Mark, including U.S. Trademark Application Serial Nos. 98-843,476, 98-769,737, 98-741,792, and 98-769,816, and (e) registering, using, or trafficking in any domain names that are identical or confusingly similar to the Revere Health Marks, including but not limited to domain names containing the Revere Health Marks or the Revere Medical Marks;

6. An order that Defendants abandon U.S. Trademark Application Serial Nos. 98-843,476, 98-769,737, 98-741,792, and 98-769,816;

7. An order that Defendants file with the Court and serve on Revere Health within thirty days after the service of any injunction order, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. An accounting of Defendants' profits and an assessment of Revere Health's damages;

9. An award of Defendants' profits derived from, and Revere Health's damages as a result of, Defendants' wrongful acts, including Defendants' infringement of the Revere Health Marks;

10. An award of treble damages as to Defendants' profits derived from, and Revere Health's damages as a result of, Defendants' violations of 15 U.S.C. §§ 1114 and 1125;

11. An award of punitive damages;

12. An award of Revere Health's costs and attorney fees;

13. An award of pre- and post-judgment interest; and

14. Any other or further relief that is just and equitable.

DATED this 7th day of July, 2025.

RAY QUINNEY & NEBEKER P.C.

/s/ S. Brandon Owen
S. Brandon Owen
Lydia A. Rytting

*Attorneys for Plaintiff Central Utah Clinic, P.C. dba Revere Health*

1713758v3